# 7631

No. 7631

Court of Appeal — Parish of Orleans.

– – – – – – – –

The Texas Bank & Trust Company

versus

Jack Bokenfohr.

– – – – – – – – –

– – – – – – – –

Dinkelspiel – J.

───────

The issues presented in this case are substantially as follows: Plaintiff in petition filed, a corporation established under the laws of the State of Texas, domiciled in Beaumont in said State, represents that Jack Bokenfohr, who resides in this City and Parish is indebted to petitioner in the full sum of $1655.34 with interest and attorney's fees, as more fully shown.

That petitioner was holder and owner of a certain promissory note made by Bokenfohr and Monahan, formerly a corporation established under the laws of the State of Texas, domiciled in Beaumont in said State, on the 20th of May, 1915, payable to petitioner sixty days after date for the sum of $1950.00, with interest at the rate of 10 per cent per annum after maturity until paid, and in case said note is placed with an attorney for collection, an additional sum of 10 per cent on the aggregate of principal and interest as attorney's fees, and on which note was paid June 19, 1915, $50.00, July 22, 1915, $50.00, August 2, 1915, $68.00 and August 4, 1915, $135.00 and the interest on said note up to the 22nd of August, 1915, leaving due the sum of $1655.34, with interest and attorney's fees as heretofore recited.

Petitioner further shows that the said corporation of Bokenfohr and Monahan was adjudicated a bankrupt on the 4th of August, 1915, in the Beaumont Division of the United States District Court for the Southern District of Texas and that said bankruptcy proceedings is there pending, no dividend as yet has been received, and small dividends expected.

76

Petitioner further represents that on the 4th of
December, 1911, the said Jack Bokenfohr gave to
petitioner a guarantee reading as follows: "This is
to state that we personally guarantee a loan of
credit of $3500.00 with you for Bokenfohr and Monahan
in such amounts and made payable at such times as
suits their convenience, and this is intended to take
care of renewals from time to time, overdrafts, and
in fact any and everything appertaining to said firm's
indebtedness with your bank." Which said guarantee
was signed by Bokenfohr and Monahan per W. F. Monahan
and also by said Bokenfohr.

Petitioners allege further that they loaned to said
Bokenfohr and Monahan the sum of $1950.00 represented
by the note hereinbefore described and annexed to this
petition on the faith of said guarantee, also annexed
hereto and made part hereof.

Petitioner shows further that on the 6th of July,
1914, the corporation of Bokenfohr and Monahan gave
petitioner an additional guarantee reading as follows:
"Texas Bank & Trust Company,

 Beaumont, Texas.

"Gentlemen:

This is to state that we personally guarantee a loan
of credit of $2500.00 with you for Bokenfohr and Monahan
in such amounts and made payable as such time as suit
their convenience. This is intended to take care of
renewals from time to time, overdrafts, and in fact any
and everything pertaining to said firm's indebtedness
with your bank."
 "Yours truly,

 (Signed) Bokenfohr & Monahan,
 By W. F. Monahan, President.
 W. F. Monahan,
 Jack Bokenfohr."

 77

Petitioners alleging further, show that all of these transactions were had in the State of Texas and are governed by the laws of said State, under which principals and co-guarantors are liable jointly and severally and that 10 per cent interest can be legally stipulated. Further represent that each of said guarantees were given petitioners in response to a demand by petitioners made upon the said Jack Bokenfohr and that neither of them were offered by said Bokenfohr for petitioner to accept or reject, and that under the law of Texas, where a guarantee is given in compliance with a demand, therefore no acceptance thereof or notice of acceptance of the guarantor is necessary to make the contract binding.

Also alleges amicable demand upon said Bokenfohr for the payment of $1655.34, with interest as aforesaid, his refusal to pay, and also the note had been placed in the hands of an attorney for collection. Wherefore, they pray for citation and judgment as above recited.

To this petition an exception was filed by the defendant asserting that plaintiff's demand is based upon two inconsistent demands. A demand upon an alleged contract dated December 4, 1911, and another alleged contract on the 6th of July, 1914; that said contracts cannot both be maintained at the same time and that if either one is valid, the other is invalid and inoperative, and plaintiff should be compelled to elect upon which of the said two causes of action it intends to rely and proceed, and until it has so chosen defendant should be dispensed from further pleading. Also pleads that plaintiff's demand was premature and non-joinder of necessary parties defendant. Further that the petition

78

discloses no cause of action.

The exceptions being overruled, defendant answered reserving the benefit of the exception, calling for strict proof of plaintiff's status. Denies the indebtedness, but does not deny signature.

Further answering, admits that Bokenfohr & Monahan wer e adjudicated bankrupts and were still in that position at the time the answer was filed. That said guarantee lapsed, expired, was cancelled and became null and void on the execution of the subsequent instrument which was filed by plaintiff with his aforesaid petition.

Also denies that plaintiff loaned to defendant $1,950.00 or any sum represented by the note described, or otherwise, on the faith of the so-called guarantee. That the instrument referred to was executed by Bokenfohr & Monahan, W. F. Monahan, and denies "that it was an additional guarantee stipulated or to be added to the so-called first guarantee executed on December 4, 1911, which guarantee was cancelled and held for naught on the execution of the guarantee of the 6th of July, 1914, which guarantee was given to secure a loan of future credit from the said plaintiff to Bokenfohr & Monahan, and that the bank violated its agreement, and to refuse after the execution of said guarantee to make the advances contracted for, to the great injury and damage of both Bokenfohr and Monahan.
 after
Claiming further that if the execution of the guarantee of July 6, 1914, the said bank stopped the credit of Bokenfohr & Monahan and appropriated all their deposits to the payment of the debt guaranteed by this contract

though same was not due, and thereby destroyed the credit of Bokenfohr and Monahan and damaged them to the extent of $2500.00. Denies further all responsibility under the guarantee and prays finally that plaintiff's suit be dismissed and for a judgment in his favor of $2500.00

A careful reading of all the testimony in this case, together with letters from the bank to the defendant; the depositions of J. L. Cunningham, F. D. Minor, Jr., E. P. Bennett, Cashier of the plaintiff corporation, and the correspondence annexed to the said depositions between the parties plaintiff and defendant, convinces us that defendant time and again admitted and acknowledged his indebtedness under the guarantee, and under no state of facts, as we view them, can he be discharged therefrom.

We have also read the testimony presented by the defendants Monahan and Bokenfohr, and after statement made and their acknowledgments time and again of the guarantee that existed and given by them, it is utterly impossible to accept the testimony and the statements therein contained as a release from the guarantee given.

An attempt has been made by counsel to show another principal, among other things, a contract of guarantee will not be binding without a consideration. Again a past transaction or existed consideration will not x support a contract of guarantee. A benefit to the principal debtor is a sufficient consideration. The obligation guarantee of a contract of guarantee must each have a legal consideration claiming that they were distinct contracts.

80

This is not a new question. Under our jurisprudence our Supreme Court in the case of Hibernia Bank & Trust Company vs. Succession of Cancienne, to be found in the 140 La. syllabus at page 970. "When an instrument of guaranty has been signed by the guarantor at the request of the guarantee and delivered by the guarantor to the guarantee or to the principal debtor to be by him delivered to the guarantee, the contract of guaranty is completed by the guarantee acting upon it by advancing or loaning money to the principal debtor on the faith of the guaranty, and the guarantor is not entitled to notice of acceptance of the guaranty from the guarantee."

"A continuing guaranty, whereby the guarantor binds himself for the payment of such debts as the party named in the instrument may incur from time to time, continues in force until it is revoked. The guarantor, under a continuing guaranty, is not released from his liability by the fact that the debt contracted on the faith of the guaranty was discharged and revived during the term of the guaranty."

And again: "Although the amount of the liability of the guarantor be limited, if the time be not expressly limited, the instrument is a continuing guaranty, to the amount for which the liability of the guarantor is limited, if the language of the instrument shows that the purpose was to give a standing credit to the principal debtor to be used from time to time.

The contention, among other things, of the defendant is virtually the defense of novation, and Civil Code Art. 2190 provides: "Not Presumed. Novation can be made only by persons capable of contracting; it is

81

not presumed; the intention to make it must clearly result from the terms of the agreement, or by a full discharge of the original debt.", ~~and authorities cited~~.

On this same question the case of the Farmers National Bank of Lebanon, Ky. vs. Bell Alliance Company, Ltd., is in point, and the Court at page 531 of the 142nd La. goes on to say: "Executing a new note in renewal of an old one does not novate the original debt or destroy the privilege securing the same.", citing authorities.

The Century Dictionary in defining the word "guaranty" amongst other definitions: "In law, to bind oneself, that the obligation of another shall be performed, or that something affecting the rights of the person in whose favor the guaranty is made shall be done or shall occur. To guaranty a contract oran undertaking by another as to bind oneself that it shall be performed or carried out." Again; "Specifically in the law a separate independent contract by which a guarantor undertakes in writing for a valuable consideration to be answerable on the payment of some particular debt or future debts, or the performance of some duty of another person primarily liable to pay or perform."

The contention, that no credit was extended or for-bearance granted after the execution of the guaranty of 1914 is an error. There were renewals of loans numerous times. The note upon which this suit is based is dated May 20, 1915, long after the date of the second guaranty, hence we conclude that a renewal of the note or the extension of an obligation constitutes considera-tion under the authorities and the law cited.

82 -8-

His Honor the judge of the lower court in a well considered written opinion, after carefully going into the law and the evidence, came to the conclusion that it was a valid legal obligation and we are of the same opinion.

Judgment affirmed.